IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FREDRICK BRADFORD WAITZMANN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-00789-DGK |
| CLAY COUNTY, MISSOURI and | ) |
| SHERIFF WILL AKIN *in his official capacity*, | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case arises from an interaction Plaintiff had with deputies at the courthouse in Clay County, Missouri. Plaintiff pro se Frederick Bradford Waitzmann alleges he was unconstitutionally removed from the Clay County Courthouse after he gave law enforcement the middle finger. Plaintiff also alleges Defendants conspired against his right to file this federal lawsuit. Plaintiff's complaint is brought under 42 U.S.C. § 1983, 18 U.S.C. § 242, and Missouri state law.

Now before the Court is Defendants motion for summary judgment. ECF No. 33. Plaintiff's opposition, if any, was due by August 19, 2024, but nothing has been filed. Accordingly, the Court rules on the existing record and GRANTS Defendants' motion for summary judgment.

**Standard**

A movant is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). "In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

## Undisputed Material Facts[1]

At all times relevant, the Clay County Sheriff's Office had in place written standard operating procedures ("SOP") that applied to its court security deputies at the Clay County Courthouse. Sections 2 and 5 of the SOP, respectively, include the following provisions.

> All persons who are not law enforcement or county employees must pass through the metal detector and security check. The only exceptions are postal workers, attorneys (displaying proper identification), and approved delivery personnel.
>
> All items are to be removed from pockets, placed in the plastic bowls, and then placed on the x-ray conveyor belt prior to the person passing through the metal detector. Anyone activating the metal detector will be scanned by a hand-held metal detector wand before being allowed to pass the security post.
>
> The metal detector does not interfere with most medical devices with the exception of some nerve stimulators. In the event an individual possesses such a medical device, it is at the discretion of the individual to determine if they will pass through the metal detector or be wanded/patted down. Deputies should use

---

[1] In light of Plaintiff's failure to file any opposition to the pending motion, the Court deems the facts in Defendants' motion admitted for purposes of summary judgment. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(b).

2

Case 4:23-cv-00789-DGK   Document 39   Filed 11/15/24   Page 2 of 9

> reasonable means to accommodate requests to bypass the metal detectors and will assess alternate ways to ensure security, based on the circumstances.
>
> Anytime there are large numbers of persons in the courthouse, any deputy not providing security in a courtroom should be visible in the area to provide security. Deputies will be watchful of disturbances among people visiting the courthouse. It may become necessary to remove unruly persons if the situation dictates.

On May 30, 2023, at approximately 8:52 a.m., Plaintiff entered through the Clay County Courthouse's doors, placed the contents of his pockets into a bowl to pass through the x-ray machine, and then walked through the metal detector which alerted.

Because Plaintiff set off the metal detector, Clay County Sheriff's Deputy Tim Donnelly asked Plaintiff to step to the side so he could be scanned by a hand-held metal detector wand. Plaintiff initially hesitated and loudly remarked that he was full of metal, but the deputies insisted he be checked.

As Deputy Donnelly scanned Plaintiff with his hand-held metal detector wand, Plaintiff loudly announced, "I have metal in my whole body and this is bullshit." Deputy Donnelly told Plaintiff that if he wanted to enter the courthouse, he needed to comply with security and let him finish. As Plaintiff continued to be uncooperative and argue, Deputy Donnelly asked him to leave the courthouse.

Plaintiff proceeded to collect his items from the x-ray machine, and as he did, he displayed his middle finger to the deputies. Deputies again asked Plaintiff to leave the courthouse and he responded, "I'm not leaving and you can't make me." Deputies again asked Plaintiff to leave and walked him to the door, where he exited the courthouse.

No Clay County Sheriff's deputy touched or arrested Plaintiff at any point during the encounter.

Since the events on May 30, 2023, Plaintiff has been admitted to the Clay County Courthouse after following the same general security procedures as all other patrons.

## Discussion

Plaintiff's pro se complaint asserts claims under 42 U.S.C. § 1983, 18 U.S.C. § 242, and Missouri state law. The Court addresses each in turn.

### I. Defendants[2] are not liable under § 1983.

Plaintiff argues Defendants violated his First, Fourth, and Fourteenth Amendment rights. Specifically, Plaintiff alleges Defendants (1) retaliated against him for exercising his First Amendment right to free speech; (2) unlawfully seized him with unreasonable force; (3) and violated his due process rights. Defendants contend Plaintiff cannot proffer sufficient evidence to support any of his constitutional claims.

For Defendants to be liable under § 1983, Plaintiff must show a constitutional violation by a municipal employee that resulted from an official municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Meier v. St. Louis*, 934 F.3d 824, 829 (8th Cir. 2019). Plaintiff's *Monell* claim fails in both respects.

First, Plaintiff does not show that there is an underlying constitutional violation. As to his First Amendment claim, Plaintiff contends Defendants retaliated against him for exercising his First Amendment rights in courthouse's lobby; that is, displaying his middle finger to deputies. Any First Amendment claim begins with determining the proper forum. *See Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 800 (1985) (discussing the various First Amendment

---

[2] Because Will Akin is named is his official capacity, the claims asserted against him are duplicative of the claims asserted against Clay County, Missouri. *See Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007) ("A suit against a governmental actor in his official capacity is treated as a suit against the governmental entity itself." (citations omitted)). Accordingly, Plaintiff's claims are brought only against Clay County, Missouri.

fora). Here, the Clay County Courthouse's lobby is a nonpublic forum. *See Braun v. Terry*, 148 F. Supp. 3d 793, 802–03 (E.D. Wis. 2015) (collecting circuit court opinions finding courts are nonpublic forums). Expressive speech in a nonpublic forum "can be restricted as long as the restrictions are reasonable and are not an effort to suppress expression merely because public officials oppose the speaker's view." *Cornelius*, 473 U.S. at 800 (cleaned up and citation omitted). "A restriction on expressive activity in a nonpublic forum 'need only be reasonable; it need not be the most reasonable or the only reasonable limitation' to be constitutionally permissible." *Ball v. City of Lincoln, Nebraska*, 870 F.3d 722, 730 (8th Cir. 2017). Here, any restriction on Plaintiff's speech was reasonable considering his unwillingness to follow the security screening instructions and there is no evidence the restriction was viewpoint specific. Accordingly, there is no First Amendment violation.

As to his Fourth Amendment claim, Plaintiff contends he was unlawfully seized by unreasonable force. As a general matter, "[e]ncounters between police officers and individuals that are consensual in nature and do not involve coercion or restraint of liberty will not implicate the Fourth Amendment." *United States v. Dennis*, 933 F.2d 671, 673 (8th Cir. 1991). Instead, "[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *United States v. Grant*, 696 F.3d 780, 784 (8th Cir. 2012) (citation omitted). Here, it is undisputed the encounter between Plaintiff and the deputies was consensual and did not involve coercion. While Plaintiff could argue that his denied entry into the courthouse itself was a restraint on his liberty, he has not done so. But even if he did, he cannot show that he had a right to enter the courthouse, let alone enter without complying with reasonable security protocols. *See, e.g., Bey v. Prator*, 53 F.4th 854, 858 (5th Cir. 2022) ("It is not clearly established that the officers were required to allow plaintiffs

5

to pass through security screening; nor is it clearly established that the officers were not allowed to ask them to leave once they refused and then arrest them once they would not leave after being told to do so."). Accordingly, there is no Fourth Amendment violation.

As to his Fourteenth Amendment claim, Plaintiff argues his due process rights were violated when he was removed from the courthouse and unable to attend the probate hearing for his sister's estate. It is unclear whether Defendant pursues a procedural or substantive due process claim. But under either theory, "[t]he possession of a protected life, liberty or property interest is a condition precedent to the government's obligation to provide due process of law." *Dobrovolny v. Moore*, 126 F.3d 1111, 1113 (8th Cir. 1997). Here Plaintiff does not establish —and the Court's own research could not find—that he has a protected interest in attending a relative's probate hearing. "[A]nd where no such interest exists, there can be no due process violation." *Id.* Accordingly, there is no Fourteenth Amendment violation.

Finally, even if Plaintiff demonstrated an underlying constitutional violation, he presents no evidence that an official municipal policy or custom is the "moving force" behind it. *See Monell*, 436 U.S. at 694. To the extent Plaintiff could rely on the SOP—as Defendants suggest in their brief—there is no evidence the SOP is facially unconstitutional or maintained with deliberate indifference to its consequences. *See Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 407 (1997) ("[A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences."). Simply, Plaintiff fails to establish that a constitutional violation resulted from an official municipal policy or custom.

Accordingly, Defendants are entitled to summary judgment on Plaintiff's § 1983 claims.

6

Case 4:23-cv-00789-DGK    Document 39    Filed 11/15/24    Page 6 of 9

## II. Plaintiff does not present any evidence supporting his § 1983 civil conspiracy claim.

Plaintiff also alleges Defendants conspired against his right to file this federal lawsuit. The following allegations are summarized from Plaintiff's pro se complaint. In August 2023, Plaintiff went to the Clay County Sheriff's Office's Professional Standards Unit to file this federal lawsuit. Compl. at 7, ECF No. 1. Plaintiff needed to use the bathroom and was told the nearest one was in the Clay County Courthouse. *Id.* Upon entry, Plaintiff handed over his keys to pass through the x-ray machine and was told he could not take them to the bathroom because a pocketknife was attached. *Id.* Plaintiff was then screened with a handheld metal detector wand. *Id.* Plaintiff alleges he was verbally threatened and intimidated during this process. *See id.* at 7–8. Plaintiff ultimately passed through security, used the bathroom, retrieved his keys, and was told the pocketknife would be confiscated if he brought it into the courthouse in the future. *Id.* at 8.

To prove a § 1983 conspiracy claim, Plaintiff must show: "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) (citation omitted). Further, Plaintiff must "prove a deprivation of a constitutional right or privilege in order to prevail on a §1983 civil conspiracy claim." *Id.* (citation omitted). Plaintiff has not provided any evidence showing the existence of a conspiracy, an overt act, or an underlying constitutional violation. Accordingly, Defendants are entitled to summary judgment on Plaintiff's § 1983 conspiracy claim.

## III. Section 242 does not provide a private right of action.

Plaintiff argues Defendants violated his rights under 18 U.S.C. § 242 by conspiring to injure, oppress, threaten, or intimidate him from freely exercising his constitutional rights. Section 242 is a criminal statute and does not provide a private right of action. *See United States*

*v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under § 241, even though the statute allows federal authorities to pursue criminal charges."); *Newton v. Compass Health Network*, No. 4:22-CV-239 AGF, 2022 WL 1154522, at *2 (E.D. Mo. Apr. 19, 2022) (collecting cases). Accordingly, Defendants are entitled to summary judgment on Plaintiff's § 242 claims.

IV. **Plaintiff's state law claim is barred by sovereign immunity.**

Finally, Plaintiff asserts a Missouri tort claim for intentional infliction of emotional distress ("IIED"). Defendants argue they are entitled to sovereign immunity.

In Missouri, "[s]overeign immunity is a common law judicial doctrine barring suit against a government or public entity." *Allen v. 32nd Jud. Cir.*, 638 S.W.3d 880, 886 (Mo. 2022) (en banc) (citation omitted). Absent "an express statutory exception to sovereign immunity, or a recognized common law exception . . . , sovereign immunity is the rule and applies to all suits against public entities." *Poke v. Indep. Sch. Dist.*, 647 S.W.3d 18, 21 (Mo. 2022) (en banc) (citation omitted). "Sovereign immunity is not an affirmative defense; instead, when suing a public entity, the burden is on the plaintiff to plead facts with specificity that give rise to an exception to sovereign immunity." *State ex rel. City of Kansas City v. Harrell*, 575 S.W.3d 489, 492 (Mo. Ct. App. 2019). Plaintiff has not met this pleading burden. But even if he did, the tort of IIED "does not arise from an exception to sovereign immunity." *Duncan v. Creve Coeur Fire Prot. Dist.*, 802 S.W.2d 205, 207 (Mo. Ct. App. 1991) (citation omitted). Accordingly, Defendants are entitled to summary judgment on Plaintiff's IIED claim.

**Conclusion**

For the foregoing reasons, Defendants motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Date:  November 15, 2024                    /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT